UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>              Petitioner,<br><br>   vs.<br><br>ROBERT L. AYERS, JR., Warden<br>of San Quentin State Prison,<br><br>              Respondent. | Case No. CIV. F-92-5471-LJO-P<br><br><u>DEATH PENALTY CASE</u><br><br>Order Following Case Management Conference and Setting Next Case Management Conference |

A telephonic Case Management Conference ("CMC") was held in the case of Petitioner Ronald L. Sanders ("Sanders") on March 26, 2007, at 1:30 p.m., before the Honorable Judge Lawrence J. O'Neill, to discuss scheduling following the Ninth Circuit's remand. The case management plan and budget under consideration covers Phase IV: Pre-hearing Discovery, Evidentiary Hearing, and Final Briefing.

Appearances were made telephonically by Eric Jorstad and Nina Rivkind, counsel for Sanders, and Deputies Jane Kirkland and Brian Alvarez, of the California Attorney General's Office, counsel for Respondent Robert L. Ayers, Jr. ('the State"). The parties filed a Joint Statement setting out their representative plans for the hearing, but disagreed about the scope of the hearing mandated by

the Ninth Circuit's remand.  Based on the Ninth Circuit's opinion and argument by the parties, the Court made the following ruling about the scope of the evidentiary hearing:

1. It is clear that trial counsel Hoover had a duty to investigate mitigation evidence, and that he did not investigate because Sanders did not want to present a penalty defense.

2. The Ninth Circuit found that Hoover's duty to investigate existed notwithstanding Sanders' opposition.

3. Sanders has now presented substantial mitigating evidence in the form of declarations and documentary evidence.  Neither the truth nor the persuasive value of this evidence had been tested by the State.

4. The Ninth Circuit opinion appears to have assumed the proffered mitigation evidence was established when it may or may not have been contested by the State or substantiated by the record.  The State will have the opportunity to present evidence regarding the truth and/or strength of the proffered mitigation.

5. The evidentiary hearing will consider two questions about the proffered mitigation evidence.  First, Sanders must show how it might have been used to convince him to change his mind about not presenting a penalty defense at trial.  Second, if Sanders had changed his mind, he must address whether the mitigation evidence would have convinced the jury to sentence him to life without parole.

The issue of whether Sanders would have changed his mind about presenting a penalty defense had Hoover investigated and discussed the

potential effect of mitigation with Sanders shall be presented before any other investigation is undertaken.  The second issue, whether the proffered mitigation evidence would have made a difference in the penalty verdict, is reserved until after resolution of the first issue.  Litigation of the second issue will allow the State to contest the proffered mitigation evidence and/or to present controverting evidence.

Sanders requested, and was granted, the opportunity to file for reconsideration of the Court's order allowing the State to contest the proffered mitigating evidence.  Any motion for reconsideration shall be filed within ten court days of the filing of this order.  The State may file a response within five court days of the filing of the motion for reconsideration.  The Court will render a decision based on the papers, or request a hearing and take further evidence, at its discretion.

Sanders shall file a revised proposed budget for Phase IV encompassing only the first issue and based on the above ruling, within ten court days of this order.  The Court will set an ex parte conference regarding the budget after review of the revised budget filing.  Sanders' budget should include costs for the preparation of a declaration from Sanders and the possibility of a limited hearing taking testimony from Sanders by video conference.

It the course of the appeal in this case, the exhibits in support of Sanders' habeas petition have been lost.  The State is ordered to lodge copies of the exhibits filed with the state habeas petition with the Court.  The Court will arrange for reimbursement of copying expenses if requested.

The next CMC will be held May 14, 2007 at 8:00 a.m., and will discuss the progress the parties have made in preparing for the first issue of the evidentiary hearing.   The CMC will be held telephonically and the Court will initiate the

1 | conference call.

3 | IT IS SO ORDERED.

5 | DATED:   March 27, 2007

/s/ Lawrence J. O'Neill

United States District Judge