UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>              Petitioner,<br><br>   vs.<br><br>ROBERT L. AYERS, JR., Warden<br>of San Quentin State Prison,<br><br>              Respondent. | Case No. CIV. F-92-5471-LJO-P<br><br>DEATH PENALTY CASE<br><br>Order Regarding Petitioner's<br>Motion for Reconsideration of<br>March 27, 2007 Order<br><br>**Date:** May 9, 2007<br>**Time:** 8:30 a.m. |

      Petitioner Ronald L. Sanders ("Sanders") filed a motion to reconsider the ruling that the State will have an opportunity to contest the truth and/or strength of the proffered mitigating evidence supporting the remanded ineffective assistance of counsel claim. Respondent Robert L. Ayers, Jr., ("the State") filed an opposition to the motion for reconsideration April 19, 2007.

      Sanders argues that the State waived its opportunity to contest the proffered mitigation, and at the most, the only question to decide is the truth of the allegations regarding the proffered mitigation. Sanders requests that based on the above argument, the order to bifurcate the evidentiary hearing also should be reconsidered. The State opposes Sanders' motion, asserting it has not waived an opportunity to contest the proffered mitigation, the remand opinion did not

decide the prejudice prong of ineffective representation in this case, and this court properly set the parameters for the evidentiary hearing.

First, Sanders argues the State has waived the opportunity to contest the proffered mitigation since it has consistently contended this claim can and should be resolved on legal grounds alone, and has failed to present any alternative argument concerning disputed facts. Sanders observes that in his motion for evidentiary hearing in federal court, and later in his brief on appeal to the Ninth Circuit, he specifically noted the State's failure to deny or dispute the proffered mitigation. The State did not challenge this characterization in its opposition to the motion for evidentiary hearing or in its brief on appeal, instead reiterating the argument that the proffered mitigation was irrelevant and immaterial. The State contends that, contrary to Sanders' claim, the Ninth Circuit did not explicitly or implicitly hold that it waived the right to test the value of the proffered mitigation. The State asserts the record does not show that it ever conceded the truth or weight of Sanders' proffered mitigation, or waived an opportunity to do so.

Second, even if the State made no waiver, Sanders argues the remand opinion left only the truth of the allegations at issue. Sanders contends the remand opinion concluded the proffer undermines confidence in the death sentence, thus finding that prejudice is established if the proffered mitigation is true. Sanders argues this settles the persuasive value and strength of the proffer in his favor, leaving at most the question of whether the proffer is true, that is, whether it could have been presented at the penalty phase trial.

The State disagrees with Sanders' assertion, contending the remand opinion in context reveals the Ninth Circuit addressed prejudice only to the extent that it found Sanders had made a colorable claim of ineffective assistance

of counsel, which included allegations of prejudice.  The State argues that if the Ninth Circuit had found prejudice for the purposes of the ineffective assistance of counsel claim, remanding the case for an evidentiary hearing would have been meaningless.  The State argues that to perform the task assigned on remand, the judge presiding at the evidentiary hearing needs to evaluate the substance and credibility of the evidence presented at the hearing and determine if it undermines confidence on the outcome of the penalty trial.

Lastly, Sanders requests that the order dividing the evidentiary hearing into two stages be reconsidered.  Sanders asserts that the order should be modified because it: (1) misstates the legal standard governing ineffective assistance of counsel claims; (2) appears to eliminate part of the remanded claims; and (3) appears to too narrowly limit the first stage to the "proffered mitigation evidence," while not sufficiently explaining how that evidence will be handled at the hearing.

Sanders contends the legal standard does not require conclusive proof, but only the demonstration of a reasonable probability, enough to undermine confidence in the result.  Sanders asserts the order's requirements, that he show "how it [the proffered mitigation] might have been used to convince him to change his mind" and if he had changed his mind, "whether the mitigation evidence would have convinced the jury to sentence him to life without parole," equal a showing of conclusive proof.  As to the burden of proof, the State does not read the order as contrary to the standard set out in *Strickland*, but views the order as compatible with the "reasonable probability" standard.

Sanders contends he has advanced an alternative to whether Hoover could have changed his mind about presenting a penalty defense which would have allowed presentation of mitigation.  Sanders contends that had Hoover

1 sufficiently investigated and acted as reasonably competent trial counsel, he
2 would not have acquiesced to Sanders' wishes but would have presented the
3 mitigation in spite of Sanders' objections.  Sanders contends the Ninth Circuit
4 remanded for a hearing on the merits of his ineffective assistance of counsel
5 claim, so the alternative argument is not inconsistent with the mandate.

6 The State submits the order correctly assessed the scope of the hearing, as
7 the Ninth Circuit did not include in the remand opinion the argument that
8 Hoover should have presented mitigation even over Sanders' objection.  The
9 State asserts the remand opinion does not say the hearing was granted on the
10 entire claim as briefed, or imply that defense counsel had a duty to override his
11 client's objections to mitigation or to present such evidence if the client objects.
12 The State contends the issue on remand is whether counsel fully investigated and
13 presented mitigation to Sanders, along with all information necessary to make an
14 informed decision about presenting mitigation evidence at the penalty phase
15 trial.

16 The issue about the extent to which trial counsel is bound by a client's
17 objection to presenting mitigation is currently pending before the United States
18 Supreme Court.  *Landrigan v. Schriro*, 441 F.3d 638 (9th Cir. 2006), *cert. granted sub*
19 *nom. Schriro v. Landrigan*, __ U.S. ___, 127 S. Ct. 35 (Sept. 26, 2006) (No. 05-1575,
20 argued January 9, 2007).  Ninth Circuit authority on this issue indicates that the
21 issue must be determined based on the available evidence, and that although the
22 client's desires are not to be ignored entirely, the decision not to present
23 mitigating evidence must be "informed and knowing," and it may be
24 inappropriate for counsel to acquiesce to the client's desires.  *Douglas v. Woodford*,
25 316 F.3d 1079, 1089 (9th Cir. 2003).

26 Sanders contends the evidence which reasonably competent trial counsel

would have used to persuade Sanders to change his mind, or to decide to present mitigation in spite of Sanders' objections, is broader than the proffered mitigation evidence and includes any additional facts about Sanders' background or family that could have helped inform him about the possibility and modes of presenting mitigation.

The State asserts it does not read the court's order as limiting the hearing to the proffered mitigation evidence, but views the phraseology as encompassing possible evidence about Sanders' own views, or information about him or his family, that defense counsel could have used in his discussions with Sanders. The State asserts this would include information about what defense counsel, the trial court, and others actually did to attempt to persuade Sanders or to discuss the matter with him. The State concurs with Sanders' view about this aspect of the first stage, but sees nothing in the court's order precluding such evidence.

Finally, Sanders contends the order does not set out how the proffer will be handled at the first stage, but asserts the implication is that the documents and declarations will be assumed true. The State agrees that since the proffered mitigation will not be presented or challenged until the second stage of the hearing, it should be assumed true for purposes of the first stage of the hearing.

**Conclusion**

Sanders' motion to reconsider the ruling of March 27, 2007, that the State will have an opportunity to contest the truth and/or strength of the proffered mitigating evidence is DENIED. The State did not waive its opportunity to contest the mitigation. The Ninth Circuit did not determine the ultimate issue of whether trial counsel's failure to investigate was prejudicial, but left that determination to be made on remand. The March 27, 2007 order did not impose a requirement of conclusive proof for the evidentiary hearing. The standard from

*Strickland* will be imposed.  The mitigation evidence at the hearing will not be limited to the proffer, and will be assumed true for first stage of the proceeding.

The argument that trial counsel should have ignored Sanders' objections to presenting mitigation is an unresolved issue, but current precedent indicates it is not prohibited.  "Although our case law 'does not quite say that the defendant absolutely controls' counsel's representation, '[t]he client's wishes are not to be ignored entirely.' " *Williams v. Woodford*, 384 F.3d 567 (9th Cir. 2004) (internal citations omitted).  However, the first stage of the evidentiary hearing will be approached in two parts, with Sanders' current position on the presentation of mitigation being made part of the record in this case before any further evidence is considered.

The March 27, 2007 order set the date for the next case management conference on May 14, 2007 at 8:00 a.m. to discuss the progress the parties have made in preparing for the first issue of the evidentiary hearing.  That date is changed to Wednesday, May 9, 2007, at 8:30 a.m.  An ex parte budgeting conference will be held immediately following the case management conference.

IT IS SO ORDERED.

DATED:   May 2, 2007

                                           /s/ Lawrence J. O'Neill
                                          United States District Judge