UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>    Petitioner,<br><br> vs.<br><br>ROBERT L. AYERS, JR., Warden<br>of San Quentin State Prison,<br><br>    Respondent. | Case No. CIV. F-92-5471-LJO-P<br><br>DEATH PENALTY CASE<br><br>Order Regarding May 2, 2007,<br>Denial of Petitioner's Motion for<br>Reconsideration |

Petitioner Ronald L. Sanders ("Sanders") filed a motion to reconsider this Court's order of March 27, 2007, which included a request to reconsider the division of the evidentiary hearing into two stages. Sanders asserted his request should be granted because the order misstated the legal standard, appeared to eliminate part of the remanded claims, and appeared to limit the mitigation evidence at the first stage without explaining how that evidence would be handled. The request was denied on the bases presented by Sanders, and the extent of the evidence and its presentation was clarified in this Court's order of May 2, 2007.

A telephonic case management conference was held on May 9, 2007, before the Honorable Judge Lawrence J. O'Neill, to discuss the scheduling of the

evidentiary hearing, and an order was issued the same day setting out a schedule for the events leading up to the hearing, and setting the hearing for October 27-31, 2008.  At the teleconference, counsel for Sanders indicated that Sanders had signed a declaration in 2000 in support of the remanded claims which stated (in pertinant part) that if trial counsel had explained mitigation to him, he would have agreed to present some evidence at penalty.[1]

Trial counsel's declaration stated he only performed a limited investigation into mitigating evidence because of Sanders' opposition to presenting such evidence.  Since Sanders' 2000 declaration states he is now willing to present some type of penalty defense, what evidence does the State contemplate submitting which could undermine the validity of Sanders' current position? Although Sanders' case is controlled by pre-AEDPA law, to what extent, or how, is this issue affected by the recent United States Supreme Court decision in *Schriro v. Landrigan*, 550 U.S. ___, 2007 WL 1387923 (May 14, 2007)?

The Ninth Circuit had Sanders' 2000 declaration before them on appeal, but still remanded for fact-finding on whether he would have changed his mind. It is assumed that the purpose on remand is to test Sanders' declaration by cross-examination.  Are there any other issues relating to the first stage which require resolution in light of Sanders' current position that he would have agreed to present some mitigation had counsel explained it to him?

Should the order bifurcating the hearing be vacated and the issue of prejudice (the second stage) be litigated at the same time as any remaining issues

---

[1] In a prior order, this Court had indicated that the exhibits in support of Sanders' state habeas petition were lost during the appeal. Those exhibits have now been re-lodged by the State. It is apparent from counsel's disclosure that Sanders' declaration was not submitted in support of his state habeas petition, but was submitted to this Court after his return from state exhaustion. It has not yet been determined whether Sanders' declaration was returned with the record after the case was remanded.

regarding Sanders' decision regarding presenting mitigation (the first stage)?

The State shall submit a response to the questions presented in this order on or before May 25, 2007.  Sanders shall file a reply to the State's response on or before June 5, 2007.

IT IS SO ORDERED.

DATED:   May 15, 2007

                                                /s/ Lawrence J. O'Neill
                                            United States District Judge