UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>ROBERT L. AYERS, JR., Warden<br>of San Quentin State Prison,<br><br>　　　　Respondent. | Case No. CIV. F-92-5471-LJO-P<br><br>DEATH PENALTY CASE<br><br>Order Regarding Supplemental<br>Briefing of Denial of Petitioner's<br>Motion for Reconsideration |

Petitioner Ronald L. Sanders ("Sanders") filed a motion to reconsider this Court's order of March 27, 2007, which included a request to reconsider the division of the evidentiary hearing into two stages. The request was denied on the bases presented by Sanders, that the order misstated the legal standard, appeared to eliminate part of the remanded claims, and appeared to limit the mitigation evidence at the first stage without explaining how that evidence would be handled. Additional briefing was requested on questions raised by information revealed at the telephonic case management conference held May 9, 2007, and on whether the bifurcation order should be vacated. The order bifurcating the evidentiary hearing into two stages will remain in effect.

There is a question whether *Schriro v. Landrigan*, 550 U.S. ___, 127 S. Ct.

1933 (May 14, 2007), changes the conclusion of the Ninth Circuit on remand regarding the finding of deficient performance in Hoover's decision not to investigate mitigating evidence. *See Sanders v. Brown*, 171 Fed. Appx. 588, 593-94 (9th Cir. 2006). *Landrigan* held that it was not an unreasonable determination for the state court to find there could be no prejudice from counsel's failure to investigate mitigation where the defendant refused to allow the presentation of mitigating evidence. *Landrigan*, 127 S. Ct. at 1941-42.

*Landrigan* observes that neither *Wiggins v. Smith*, 539 U.S. 510 (2003), nor *Strickland v. Washington*, 466 U.S. 668 (1984), addresses the situation where a client interferes with counsel's efforts to present mitigation, and even the case of *Rompilla v. Beard*, 545 U.S. 374, 381 (2005), involved a defendant who refused to assist in the development of mitigation, but who did not inform the trial court that he did not want mitigation presented. *Landrigan*, 127 S. Ct. at 1942. Conversely, Landrigan told both trial counsel and the court that he did not want mitigation evidence presented, and he actively interfered when counsel attempted to make a proffer of possible witness testimony. The facts in Sanders' case fall between the situations in *Landrigan* and *Rompilla* - he did not actively interfere (but he did not have to since Hoover did not present any mitigating evidence), and he did tell the trial court that he did not want mitigation presented.

Sanders' assertion that trial counsel has absolute control over the decision whether to present mitigation is not supported by the cases which discuss a defendant's objection to mitigation. Trial counsel has not been granted absolute discretion in whether to investigate or present such evidence, but it has been acknowledged that a defendant has the ability to foreclose certain avenues of investigation, *Silva v. Woodford*, 279 F.3d 825 (9th Cir. 2002), and that a client's

wishes regarding the presentation of mitigation are not to be ignored entirely. *Campbell v. Kincheloe*, 829 F.2d 1453, 1463 (9th Cir. 1987); *Williams v. Woodford*, 384 F.3d 567, 622 (9th Cir. 2004).

*Landrigan* presents the following question to be answered based on the facts developed at the first stage of the evidentiary hearing: Was trial counsel's decision not to investigate mitigation evidence deficient performance, or was it reasonable in light of Sanders' opposition to presenting a penalty defense? This question will be addressed at the first stage of the evidentiary hearing along with whether Sanders would have changed his mind about presenting a penalty defense had Hoover investigated and discussed the potential effect of mitigation with him, and whether Hoover should have, or could have, presented mitigation in spite of Sanders' objections.

IT IS SO ORDERED.

DATED:     June 12, 2007

                                            /s/ Lawrence J. O'Neill
                                          United States District Judge