UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD L. SANDERS,                              )   Case No. CIV. F-92-5471-LJO-P
                                                )
                        Petitioner,             )   DEATH PENALTY CASE
                                                )
        vs.                                      )   Order Granting in Part Petitioner's
                                                )   and Respondent's Motions for
ROBERT L. AYERS, JR., Warden                    )   Discovery and Denying
of San Quentin State Prison,                    )   Petitioner's Request for
                                                )   Supplemental Protective Order
                        Respondent.             )
                                                )
_____ )

        Respondent Robert L. Ayers, Jr. ("the Warden") filed a motion for

discovery of the files from Sanders' trial, the documents from trial counsel Frank

Hoover, defense investigators, and independent counsel Robert Cook.  Petitioner

Ronald L. Sanders ("Sanders") filed a motion for discovery of documents relating

to his time in Kern County jail and for an order directing the Warden to disclose

any exculpatory or material evidence as required under *Brady v. Maryland*, 373

U.S. 83, 84-85 (1963).  Oppositions to the discovery motions and replies were

filed, and a hearing was held October 22, 2007, at 8:30 a.m., before the Honorable

Lawrence J. O'Neill.  Eric Jorstad and Nina Rivkind, counsel for Sanders,

appeared by telephone, and Brian Alvarez, counsel for the Warden, appeared in

person.

**The Warden's Motion for Discovery**

The Warden argues discovery of the entire trial file is necessary in order to respond to Sanders' claim that trial counsel was ineffective because he failed to adequately investigate mitigation so as to persuade Sanders to change his mind about not presenting evidence at the penalty phase.  Sanders agrees the Warden should be permitted to inspect and copy documents relating to the investigation, preparation, and handling of the penalty phase of his trial, but objects to disclosure of documents relating to the guilt phase.  Sanders contends the Warden's request is overly broad and unjustified as it seeks irrelevant and privileged guilt phase information.  The Warden replies the stipulated protective order is sufficient to protect Sanders' rights, and that documents from the guilt phase are necessary to evaluate whether trial counsel's conduct was reasonable. The Warden does not dispute his inability to later disseminate any of Sanders' disclosed privileged information, as he has conceded any protected information cannot be used outside this habeas case.  The Warden contends the stipulated protective order adequately protects Sanders' rights.

**Ruling:** Discovery of material relevant to penalty and to Sanders' opposition to present a penalty defense is GRANTED.  Sanders' counsel is ordered to submit one copy of any material deemed not relevant to these issues for in camera review by the Court.  The disputed documents shall be lodged under seal within seven court days of the date of this order.  Any explanation by Sanders of why a document is submitted for in camera review must be served on the Warden.  An order will issue following the in camera review detailing why and to what extent any of the submitted materials will be disclosed to the Warden.  All discovery shall be turned over within ten court days of the order following in camera review.

**Sanders' Motion for Discovery**

Sanders seeks the records from his time in Kern County jail to discover evidence of his mental or physical health and of any statements he made regarding the penalty phase, but informal discovery has only revealed two documents, the arrest/booking records and the disposition of his transfer to San Quentin.  The Warden asserts there are no other documents.  Sanders seeks clarification the Warden's statement extends to the Kern County District Attorney.  Counsel for the Warden was unable to state whether any documents were in the possession of the Kern County District Attorney.

Sanders also seeks an order directing the Warden, the Kern County District Attorney, and the Kern County Sheriff's Department to disclose any *Brady* material.  The Warden admits to a continuing obligation under *Brady* to disclose exculpatory material, but argues that obligation does not grant Sanders discovery powers and that Sanders cannot show good cause for an order compelling what is already required.  Sanders replies that if the Warden does not have suppressed *Brady* material, he should say so.  Counsel for the Warden stated that no *Brady* material was contained in their files, but could not say whether that was true for the Kern County District Attorney.

**Ruling:** The Warden shall file a supplemental declaration within seven court days of the date of this order clarifying whether the Kern County District Attorney has any documents which Sanders seeks.  If such documents exist, counsel for Sanders shall set a supplemental telephonic conference with the Court to determine the necessary steps to obtain this information.

**Sanders' Request for Supplemental Protective Order**

The parties agreed to a protective order regarding the disclosure of any

OReDiscMtnsSnd                                    3

1  privileged information during the prosecution of the pending ineffective

2  assistance of counsel claim, which was issued October 5, 2007.  Sanders seeks a

3  supplemental protective order which will will provide: (1) a streamlined dispute

4  resolution procedure should Sanders object to discovery; (2) a procedure to

5  record any interviews which involve, or may involve, protected information; and

6  (3) an accounting by the Warden of all persons who have directly or indirectly

7  reviewed any protected information.

8          The Warden objects to the supplemental provisions, asserting (1) a

9  procedure for dispute resolution is not needed because he is entitled to the entire

10  trial file and the stipulated protective order sufficiently protects Sanders; (2)

11  service of interview recordings on Sanders is not required because the Warden's

12  alternative proposal of lodging the recordings with the Court will provide

13  Sanders with notice; and (3) an accounting is unnecessary since his counsel, as an

14  officer of the Court, can keep interviews within the confines of the protective

15  order and he has stipulated to the Court's continuing jurisdiction to protect

16  Sanders' interests.

17          Sanders replies the Warden has failed to explain why guilt phase

18  documents are necessary to the pending claim, and the dispute over the scope of

19  discovery of the trial files show a dispute resolution procedure is needed.

20  Sanders further replies neither the recordings or the accounting are unduly

21  burdensome, and both are necessary tools to enforce the protective order.

22  Counsel for Sanders admits there is no evidence that counsel for the Warden has

23  not acted in an ethical manner, but asserts the obtaining copies of interview

24  recordings and an accounting of persons who have reviewed the protected

25  information is necessary to monitor compliance with the protective order.

26          **Ruling:**  Sanders' request for a supplemental protective order is DENIED.

1  There is no reason to anticipate further disputes regarding discovery.  Recording

2  the interviews and providing an accounting is not necessary as counsel for the

3  Warden is bound by his professional oath to uphold the terms of the protective

4  order, and no evidence has been shown which questions his ethics.

5

6  IT IS SO ORDERED.

7

8  DATED:     October 22, 2007

9                                                            /s/ Lawrence J. O'Neill

10                                                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OReDiscMtnsSnd

5