UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>               Petitioner,<br><br>vs.<br><br>ROBERT L. AYERS, Jr., Warden of San Quentin State Prison,<br><br>               Respondent. | Case No. 1:92-cv-05471-LJO<br><br>DEATH PENALTY CASE<br><br>Order Regarding Motions In Limine (Docs. 272 and 274), Requesting Response to Joint Pretrial Statement, Vacating Pre-Trial Hearing, and Rescheduling Evidentiary Hearing. |

Petitioner Ronald L. Sanders ("Sanders") and Respondent Robert L. Ayers, Jr., ("the Warden") filed motions in limine on July 11, 2008, pursuant to the previously established schedule for the evidentiary hearing in this case.

Sanders' Motion to Exclude Evidence regarding Guilt or Innocence

      Sanders asserts the exclusion of evidence regarding his guilt or innocence is consistent with this Court's previous determination that privileged, guilt-phase-related files of trial counsel should not be disclosed because they are not relevant to the claim now being litigated. Sanders asserts the same reason that limited production of trial counsel's files to material relevant to penalty and to Sanders' opposition to present a penalty defense, applies to evidence to be

submitted at the upcoming evidentiary hearing. Sanders requests "this same type of information about guilt or innocence" be excluded from admission into evidence at the evidentiary hearing.

The Warden opposes Sanders' motion to the extent it bears upon trial counsel's decision-making process about the penalty phase. The Warden notes that Sanders acknowledges his personal belief in his innocence influenced his penalty phase decisions and is relevant to the hearing since trial counsel based his decision not to investigate on Sanders' directions. The Warden believes that inquiry into this area will be limited, so there is no real concern that evidence of Sanders' guilt or innocence will protract or complicate the hearing.

Sanders' motion to exclude evidence regarding guilt or innocence is DENIED without prejudice to raising it again at the evidentiary hearing in regard to specific evidence or testimony.

The Warden's Motion to Exclude Evidence of Dr. Kriegler and Mr. Stetler

The Warden withdraws the request that the testimony of Dr. Kriegler and Mr. Stetler be excluded for failure to include them on Sanders' witness list, as they were listed in Sanders' supplemental witness list.

The Warden's Motion to Exclude Evidence of Experts' Opinions

The Warden seeks to exclude and reject the proffered opinions of Stanley Simrin, Susan Sawyer, and Russell Stetler, because they will not assist the Court, as a district judge is qualified to assess and undertake the legal analysis required for an ineffective assistance of counsel claim without the need for such experts.

Sanders opposes this motion, asserting that the Warden's urging to reject the *Strickland* experts as a matter of general policy is contradicted by the use of

1 such experts in many cases before the United States Supreme Court, the Ninth
2 Circuit Court of Appeals, and district courts in the Ninth Circuit and in the
3 Eastern District of California.  Sanders argues that similarly, experienced
4 attorneys have testified as expert witnesses about prevailing professional
5 standards and the adequacy of capital trial counsel's representation in California
6 courts for over 30 years, even predating the issuance of *Strickland v. Washington*,
7 466 U.S. 668 (1984).  Sanders asserts the use of *Strickland* experts is well-
8 established, especially in capital cases, and whether the proposed experts'
9 testimony will assist the Court is a decision which should be reserved until after
10 the testimony is heard.

11 Sanders contends the cases cited by the Warden do not suggest that
12 *Strickland* experts are without value, but instead found no abuse of discretion
13 where the experts, in circumstances which are distinguishable from this case,
14 were excluded.  In *Williams v. Woodford*, 384 F.3d 567 (9th Cir. 2004), exclusion of
15 *Strickland* experts was not abusive where the petitioner did not make a colorable
16 claim of ineffective assistance of counsel.  In *Bonin v. Calderon*, 59 F.3d 815, 838
17 (9th Cir. 1995), the exclusion of expert testimony about the psychological effect
18 on jurors of an ineffective assistance of counsel claim was not abusive where the
19 judge is qualified to assess likely jury responses to certain evidence.  Sanders
20 asserts that here the prejudicial effect of trial counsel's acts and/or omissions are
21 not part of the first phase of the evidentiary hearing, but the standards for
22 competent counsel at the time of Sanders' trial and the reasonableness and
23 competency of Hoover's handling of the penalty phase is at issue in the first
24 phase, and are the issues about which *Strickland* experts routinely testify and
25 about which most jurists would benefit from expert testimony.  Sanders argues
26 the third case cited by the Warden, *LeGrand v. Stewart*, 133 F.3d 1253 (9th Cir.

1998), generally supports the propriety of *Strickland* expert testimony, as there the court permitted five experts to testify about the professional standard of care, but was found not to have abused their discretion by limiting the testimony to the question of deficient performance and excluding testimony on the question of prejudice.

The Warden's motion to exclude the testimony of *Strickland* experts, Susan Sawyer, Stan Simrin, and Russell Stetler is DENIED.

The Warden's Motion for Production of Material Relied on by Experts

The Warden seeks discovery, prior to the evidentiary hearing, under Federal Rule of Evidence 705, of certain materials relied upon by Sanders' expert witnesses. Specifically, the Warden seeks:

a. All interview recordings, transcriptions, internal reports, or field notes of interviews and evaluations conducted on Sanders by Nell Riley, Ph.D.;

b. All interview recordings, transcriptions, internal reports, or field notes of the three structured clinical interviews conducted with Sanders by Pablo Stewart, M.D.;

c. All interview recordings, transcriptions, internal reports, or field notes of the three clinical interviews conducted with Sanders, and of the interviews with his siblings, by Julie Kriegler, Ph.D., as well as copies of the medical and psychological reports from Sanders' prison C-File relied on by Dr. Kriegler;

d. The declaration of Jesus Miguel Casanova, dated March 7, 2008, relied on by Susan Sawyer.

Sanders replies this request seeks discovery after the Court-ordered period

for discovery has already closed.  Sanders admits the request in itself is not unusual, but the timing is highly unusual and the denomination as a "motion in limine" in simply wrong.  Sanders asserts a motion in limine is, in practice, a request to exclude evidence, but that this request asks the Court to provide evidence and seeks to change the established schedule without any explanation for the untimely request.

Sanders observes the Court granted a stipulated extension of time which extended the deadline for the Warden to "conduct discovery" of Sanders' expert witnesses to June 4, 2008.  Sanders contends the Warden had the complete disclosure of his proposed expert witnesses by November 27, 2007, and as of March 24, 2008, (when the stipulated extension of time was submitted) the Warden agreed that discovery of the expert witnesses would be concluded by June 4, 2008.  Sanders argues the Warden's belated request for discovery, which does not explain the failure to seek timely discovery, should be denied.

Counsel for the Warden shall file a short and succinct declaration explaining the delay in seeking discovery of the materials relied on by Sanders' expert witnesses.  Counsel for Sanders shall file a short and succinct declaration explaining what, if any, prejudice exists in the Court's ordering this late discovery so that everyone is fully prepared for the evidentiary hearing.

The Warden's Motion to Exclude Witnesses from Hearing

The Warden seeks, under Federal Rule of Evidence 615, to exclude all witnesses, including experts, from the evidentiary hearing.  The Warden asserts that sequestration of most witnesses is mandatory when requested.  *See United States v. Collins*, 340 F.3d 672. 680 (8th Cir. 2003).  The Warden argues that, notwithstanding Rule 703, a party's expert witnesses may be sequestered where

the expert has had the opportunity to review deposition transcripts or declarations of others to render their expert opinions.

Sanders does not oppose this motion.

The Warden's motion to sequester all witnesses at the evidentiary hearing is GRANTED.

Disagreement about the Presentation of Direct Testimony by Declaration

The only disputed issue in the pre-trial statement is the use of declarations or depositions in lieu of live testimony.  Sanders expects to call 14 witnesses:  trial counsel Frank Hoover, himself, investigator Roger Ruby, five family members (one of the family members, his cousin Allen Sanders, did not submit a declaration), *Strickland* experts Stan Simrin, Susan Sawyer and Russler Stetler, and mental health experts Nell Riley, Ph.D., Pablo Stewart, M.D., and Julie Kriegler, Ph.D.  The Warden does not expect to call any witnesses, but intends to cross-examine all of Sanders' witnesses.

The Warden objects to the use of declarations or depositions in lieu of live testimony, and requests that all testimony from fact and expert witnesses be presented live (except the testimony of Sanders' aunt, Ima Salie, who was deposed last August due to her ill health).  Sanders opposes this objection as untimely and unfounded.  Sanders expects to offer each fact and expert witness declaration into evidence.

The Court requests the parties' response to the following questions presented by this dispute, which were not addressed in the joint pretrial statement:

Why does Sanders believe the refusal by the Warden to agree to the use of the declarations as testimonial is untimely and unfounded?  What exactly is the

1  objection by the Warden (i.e. what is the concern about the use of declarations as
2  testimony)?  Have the parties considered using the declarations as direct
3  testimony and if necessary having any witnesses served and present at the
4  evidentiary hearing for live cross examination?

6  The supplemental declarations regarding discovery of the materials relied
7  on by Sanders' expert witnesses, and the parties' responses to the questions
8  regarding the disagreement about the presentation of direct testimony by
9  declaration, shall be filed on or before September 4, 2008, at 4:00 p.m.  The
10 hearing set for September 5, 2008, is VACATED.

12 Reschedule of Evidentiary Hearing
13 Due to conflicts in the Court's calendar, the upcoming evidentiary hearing
14 will start on Tuesday, October 28, 2008, and continue on Wednesday and
15 Thursday, October 29 and 30.  Should additional days be necessary, the
16 evidentiary hearing will continue on Monday and Tuesday, November 3 and 4,
17 2008.

19 IT IS SO ORDERED.

21 DATED:   August 27, 2008

22                                          /s/ Lawrence J. O'Neill
23                                     United States District Judge