UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>    Petitioner,<br><br>    vs.<br><br>ROBERT L. AYERS, Jr., Warden<br>of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:92-cv-05471-LJO<br><br>DEATH PENALTY CASE<br><br>Order Regarding Respndent's<br>Motion for Production of<br>Documents (Doc. 274) and<br>Ordering Direct Testimony at the<br>Evidentiary Hearing to be<br>Presented by Declaration |

Petitioner Ronald L. Sanders ("Sanders") and Respondent Robert L. Ayers, Jr., ("the Warden") filed motions in limine on July 11, 2008, pursuant to the previously established schedule for the evidentiary hearing in this case. The Court ruled on all except one of the motions on August 28, 2008, requesting the parties to submit supplemental declarations on the Warden's request for discovery of the materials relied on by Sanders' expert witnesses. The Court also requested the parties' responses to questions regarding their disagreement about the presentation of direct testimony by declaration.

The Warden's Motion for Production of Material Relied on by Experts

　　　　The Warden seeks discovery, prior to the evidentiary hearing, under

Federal Rule of Evidence 705, of certain materials relied upon by Sanders' expert witnesses. Specifically, the Warden seeks:

    a. All interview recordings, transcriptions, internal reports, or field notes of interviews and evaluations conducted on Sanders by Nell Riley, Ph.D.;

    b. All interview recordings, transcriptions, internal reports, or field notes of the three structured clinical interviews conducted with Sanders by Pablo Stewart, M.D.;

    c. All interview recordings, transcriptions, internal reports, or field notes of the three clinical interviews conducted with Sanders, and of the interviews with his siblings, by Julie Kriegler, Ph.D., as well as copies of the medical and psychological reports from Sanders' prison C-File relied on by Dr. Kriegler;

    d. The declaration of Jesus Miguel Casanova, dated March 7, 2008, relied on by Susan Sawyer.

Sanders objected, arguing the period for discovery had already closed and asserting the Warden's belated request for discovery, which does not explain the failure to seek timely discovery, should be denied.

In response to questions from the Court regarding this dispute, the Warden filed a declaration stating the election was made to challenge Sanders' expert witnesses by examination at the evidentiary hearing in order to reduce costs. The Warden states that a request under Rule 705 for material relied on by expert witnesses can be made outside the constriants of the discovery process.

Sanders filed a declaration addressing the Court's question regarding what, if any, prejudice exists if the Warden's request is granted. Sanders responded that the prejudice he would suffer "is the prejudice suffered by every

litigant whose adversary fails to meet the mandatory elements of a case scheduling order" and that granting the Warden's request would undermine the rules of procedure, the purpose of the scheduling order, and the court-ordered sequence of preparation for the evidentiary hearing.

The Court has reviewed the responses of the parties, and based on the entire record, the Warden's request for documents relied on by the expert witnesses is GRANTED.

Disagreement about the Presentation of Direct Testimony by Declaration

The only disputed issue in the pre-trial statement is the use of declarations or depositions in lieu of live testimony.  Sanders expects to call 14 witnesses:  trial counsel Frank Hoover, himself, investigator Roger Ruby, five family members (one of the family members, his cousin Allen Sanders, did not submit a declaration), *Strickland* experts Stan Simrin, Susan Sawyer and Russler Stetler, and mental health experts Nell Riley, Ph.D., Pablo Stewart, M.D., and Julie Kriegler, Ph.D.  The Warden does not expect to call any witnesses, but intends to cross-examine all of Sanders' witnesses.

The Warden objects to the use of declarations or depositions in lieu of live testimony, and requests that all testimony from fact and expert witnesses be presented live (except the testimony of Sanders' aunt, Ima Salie, who was deposed last August due to her ill health).  Sanders opposes this objection as untimely and unfounded.  Sanders expects to offer each fact and expert witness declaration into evidence.

The Court requested the parties' response to the following questions presented by this dispute:  Why does Sanders believe the refusal by the Warden to agree to the use of the declarations as testimonial is untimely and unfounded?

What exactly is the objection by the Warden (i.e. what is the concern about the use of declarations as testimony)? Have the parties considered using the declarations as direct testimony and if necessary having any witnesses served and present at the evidentiary hearing for live cross examination?

The Warden's response asserts that "a full evidentiary hearing would assist the court in making credibility and factual findings, and would subject each declarant to cross-examination, 'the greatest legal engine ever invented for the discovery of the truth.' " (Internal citations omitted.) The Warden states his position has always been that Sanders should "prove his allegations by live testimony," thus holding him to his burden of proof. The Warden did not address whether the use of the filed declarations as direct testimony, with live cross-examination at the evidentiary hearing, would be a viable alternative.

Sanders responded that he believes the Warden's current request for live testimony to be "untimely and unfounded" based on the prior submission, as part of the Joint Statement of the Case, filed March 8, 2007, which proposed conducting the evidentiary hearing by means of declaration and cross-examination by deposition, except for the testimony of Sanders and trial counsel. Sanders countered, in the Joint Statement of the Case, that if any live testimony was presented, the testimony of the expert witnesses also be presented live.

The Court has reviewed the respective positions of the parties, and determines that the best use of judicial and other resources will be made at the upcoming evidentiary hearing by taking the direct testimony by declaration or report. Cross-examination, as well as any needed re-direct and/or re-cross, will be conducted live at the hearing. Any witness whose testimony Sanders plans to offer into evidence should be present at the hearing. If Sanders intends to present testimony from his cousin, Allen Sanders, Allen's declaration shall be

1  filed on or before September 30, 2008.

3  IT IS SO ORDERED.

5  DATED:   September 11, 2008

                                              /s/ Lawrence J. O'Neill
                                            United States District Judge