UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>        Petitioner,<br><br>  vs.<br><br>ROBERT L. AYERS, JR., Warden<br>of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:92-CV-5471-LJO P<br><br>DEATH PENALTY CASE<br><br>Order Sua Sponte Granting<br>Additional Discovery to<br>Respondent of Documents in Trial<br>Counsel's File |

On September 19, 2007, Respondent Robert L. Ayers, Jr. ("the Warden") filed a motion for discovery of the files from the trial of Petitioner Ronald L. Sanders ("Sanders"), including files from Sanders' trial counsel Frank Hoover, from defense investigators for Sanders and his co-defendant Cebreros, and from independent counsel Robert Cook.  After briefing and a hearing on this issue, the Warden's motion was granted as to material relevant to penalty and to Sanders' opposition at the time of trial to the presentation of a penalty defense.  Sanders was ordered to lodge any material from trial counsel's files deemed not relevant to these issues for in camera review.  *See* Doc. 247.

Following the Court's review of the lodged documents, they were divided into five categories: (1) Notes written by Sanders; (2) Notes written by Sanders'

trial counsel Frank Hoover or by Stan Simrin, counsel for Cebreros; (3) Documents related to the defense investigation: (a) photos, documents; and (b) reports produced by defense investigators; (4) Documents related to trial (e.g., Reporter's Transcript, pleadings, CALJIC, police reports); and (5) Other: (a) communication by counsel and blank pages; and (b) legal research.  The documents in categories 3a, 4, and 5b were ordered disclosed to the Warden.  The notes from Sanders, Hoover and Simrin, and notes and reports from the defense investigators, were determined to be privileged and not related to the penalty phase or the issue of Sanders' opposition to presenting a penalty defense, and were not disclosed.  *See* Doc. 249.

The evidentiary hearing began on October 28, 2008, and testimony was heard from, among others, Sanders' trial counsel Frank Hoover.  Mr. Hoover testified he recalled some defense investigation which was not documented in the files he had reviewed for the hearing.  The Court, sua sponte, undertook another review of the documents in Category 3b to see if any were possibly relevant to the mitigation investigation.  Four documents were located that arguably could have some relevance to mitigation.

The Court decided, in an abundance of caution, to disclose these documents to counsel for the Warden, and did so prior to the start of the second day of the evidentiary hearing on October 29, 2008.  Copies of the disclosed documents were also provided to counsel for Sanders, who maintained their position that these documents related only to the investigation of the guilt phase, and were not relevant to the penalty phase or to Sanders' opposition to presenting a penalty defense.

The disclosed documents remain subject to the protective order issued in this case October 5, 2007, *see* Doc. 227, and will be filed in a separate document

1 | under seal.

3 | IT IS SO ORDERED.

5 | DATED:   November 5, 2008

              /s/ Lawrence J. O'Neill
              United States District Judge