# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS, | Case No. 1:92-cv-05471-LJO-SAB |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| ROBERT L. AYERS, JR., Warden of California State Prison at San Quentin, | ORDER DIRECTING SUPPLEMENTAL BRIEFING |
| Respondent. | |

**I.**

**PROCEDURAL BACKGROUND**

In August 2006, following its denial of Petitioner's petition for writ of habeas corpus, the U.S. Court of Appeals for the Ninth Circuit remanded the above-captioned case to this Court, directing it to conduct an evidentiary hearing on Petitioner's sole remaining claim, ineffective assistance of counsel during the penalty phase. Doc. 163; Sanders v. Brown, 171 Fed.Appx. 588 (2006). The Ninth Circuit framed the remaining issue as whether counsel's decision not to conduct a reasonable investigation of mitigating evidence could have constituted ineffective assistance of counsel. Id. at 592. The Circuit Court relied, in part, on its *en banc* holding in Landrigan v. Schriro, 441 F.3d 638, 643 (9th Cir. 2006) ("Landrigan I"), which found colorable Landrigan's claims of ineffective assistance of counsel and remanded for an evidentiary hearing even though Landrigan himself had instructed counsel not to present mitigating evidence.

On March 27, 2007, following the first case management conference, the Court bifurcated the evidentiary hearing. The first stage was to examine "whether [Petitioner] would have changed his mind about presenting a penalty defense had [trial counsel] investigated and discussed the potential effect of mitigation with [Petitioner]." Doc. 180 at 2-3. Following resolution of that question, the second stage was to examine "whether the proffered evidence would have made a difference in the penalty verdict." Doc. 180 at 3.

On May 14, 2007, the U.S. Supreme Court reversed the Ninth Circuit's decision in Landrigan I. Schriro v. Landrigan, 550 U.S. 465 (2007) ("Landrigan II"). Thereafter, on May 15, 2007, this Court directed the parties to brief a series of questions including the extent to which the Landrigan II holding affected the provisions of the Ninth Circuit's remand order. Following receipt and review of the parties' briefs, the Court revised the focus of the first evidentiary hearing stage:

> Was trial counsel's decision not to investigate mitigation evidence deficient performance, or was it reasonable in light of [Petitioner's] opposition to presenting a penalty defense? This question will be addressed at the first stage of the evidentiary hearing along with whether [Petitioner] would have changed his mind about presenting a penalty defense had [trial counsel] investigated and discussed the potential effect of mitigation with him, and whether [trial counsel] should have, or could have, presented mitigation in spite of [Petitioner's] objections.

Doc. 208 at 3.

The Court did not address the second evidentiary hearing stage.

After the parties filed extensive declarations and documentary evidence pertaining to mitigating evidence and the prevailing standards of attorney performance at the time of trial, the court conducted the first stage of the evidentiary hearing on October 28, 29, and 30, and November 3, 2008. Thereafter, both parties provided briefs addressing proposed findings of fact and conclusions of law.

///
///
///

## II.

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. Strickland v. Washington, 466 U.S. 668, 686 (1984). "[T]he right to counsel is the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970). Counsel can deprive a defendant of his Sixth Amendment right to effective assistance of counsel by failing to render adequate legal assistance. Cuyler v. Sullivan, 446 U.S. 335, 344 (1980). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. In a capital case, the principle applies in both the guilt phase and the penalty phase. Id.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. The Strickland test requires Petitioner to establish two elements: (1) his attorneys' representation was deficient and (2) prejudice. Both elements are mixed questions of law and fact. Strickland, 466 U.S. at 698.

These elements need not be considered in order. Strickland, 466 U.S. at 697. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. If a court can resolve an ineffectiveness claim by finding a lack of prejudice, it need not consider whether counsel's performance was deficient. Id. See also Wong v. Belmontes, 558 U.S. 15, 19 (2009).

## III.

## ORDER FOR SUPPLEMENTAL BRIEFING

The Court is now in the process of drafting its determination following the first phase of the evidentiary hearing. The passage of time and ensuing interpretations of the Landrigan II holding indicate that the Court's articulation of the issue to be examined in the first stage of the evidentiary hearing may have inaccurately expressed the nature of the Landrigan II analysis. By

asking whether trial counsel's decision not to investigate mitigation evidence was deficient performance or was reasonable in light of Petitioner's opposition to presenting a penalty defense now appears to this Court to have unduly emphasized the adequacy of trial counsel's performance when the Supreme Court's holding in Landrigan II rested on the absence of prejudice. If Landrigan instructed counsel not to present any mitigating evidence, said the Supreme Court, "counsel's failure to investigate further could not have been prejudicial under Strickland." Landrigan, 550 U.S. at 475. By failing to articulate a revised analysis of Strickland's prejudice prong, the May 14, 2007 order failed to delineate precisely when the Court was to analyze the application of Landrigan II.

Accordingly, the Court deems it appropriate to revisit the question expressed in its May 15, 2007 order: "Should the order bifurcating the hearing be vacated and the issue of prejudice (the second stage) be litigated at the same time as any remaining issues regarding Sanders' decision regarding presenting mitigation (the first stage)?" Doc. 201 at 2-3. In the evidentiary hearing, Petitioner fully set forth the mitigating evidence that trial counsel could have presented in the penalty phase and provided testimony from multiple experts regarding the prevailing standard for attorney representation in capital cases tried in 1981 and the psychological barriers that kept Petitioner from proceeding in mitigation because he lacked full understanding of the mitigating evidence that could have been presented on his behalf. In light of the evidence already presented to this Court, including full documentation of Petitioner's advising counsel and the trial court of his decision to preclude presentation of mitigation in the penalty phase of his trial, the remaining analysis of Landrigan II requires the Court to reach a legal conclusion given the facts of the case.

Accordingly, the Court DIRECTS the parties to submit supplemental briefing as follows:

1. The supplemental briefs shall address this question: Under the holding of Schriro v. Landrigan, 550 U.S. 465 (2007), and in light of the facts presented in this case, does Petitioner's directing trial counsel not to present mitigating evidence in the penalty phase preclude a finding of prejudice under a Strickland analysis?

///

2. Supplemental briefs should identify and analyze case law decided following the last briefing in this case, that is, the supplemental cases identified and analyzed in Documents 336 and 339.  Unless a party must refer to a prior position in the course of modifying it, supplemental briefs should not repeat argument or analysis already presented to the Court in Documents 202, 206, 321, 322, 329, 336, and 339.

3. Petitioner's brief shall be due sixty (60) days from the date of this order.  Respondent's response shall be due sixty (60) days from the date on which Petitioner files his brief.  Plaintiff's reply, if any, shall be due thirty (30) days from the date on which Respondent filed his brief.

IT IS SO ORDERED.

Dated:   January 20, 2015                          /s/ [signature]
                                                                SENIOR DISTRICT JUDGE