UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT L. AYERS, JR., Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:92-cv-05471-LJO-SAB<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING |

This matter is before the court following the parties' recent briefing of the impact of *Schriro v. Landrigan*, 550 U.S. 465 (2007), upon the previously ordered bifurcated evidentiary hearing on petitioner's claim 38, the sole remaining claim in this proceeding. Claim 38 alleges ineffective assistance of trial counsel by acquiescence in petitioner's request to forgo a penalty phase defense. Specifically, the parties briefed whether petitioner's directing trial counsel not to present mitigating evidence at the penalty phase prevents him from claiming prejudice as a result thereof. *Landrigan*, 550 U.S. at 475; *see also Strickland v. Washington*, 466 U.S. 668 (1984).

I.

BACKGROUND

Petitioner is in the custody of the California Department of Corrections and Rehabilitation pursuant to judgment of the Superior Court of California, County of Kern, imposing the death sentence following his January 22, 1982 conviction by jury trial of one count of first degree murder for which special circumstance allegations were found true. Petitioner's conviction and sentence were affirmed on direct appeal. The United States Supreme Court denied certiorari.

1

1    Petitioner initiated this federal habeas corpus proceeding on July 13, 1992. His state
2 exhaustion petition was denied on September 1, 1999. On November 17, 1999, petitioner filed
3 his second amended petition in this proceeding. Petitioner was allowed to file a third amended
4 petition lodged July 24, 2001, asserting three additional claims.

5    On August 24, 2001, the court denied petitioner's second and third amended petitions on
6 the merits. The Ninth Circuit affirmed in part, reversed in part, and remanded. Certiorari was
7 granted, and on October 11, 2005, the U.S. Supreme Court reversed in part and remanded.

8    On March 16, 2006, the Ninth Circuit, on remand, reversed this court's denial of an
9 evidentiary hearing on petitioner's claim 38 and remanded so that this court could conduct an
10 evidentiary hearing on the question

> [W]hether [trial counsel's] decision not to conduct a reasonable investigation could have constituted ineffective assistance, i.e., whether [petitioner's] insistence – the rationality of which [trial counsel] at times questioned – that he did not want to present a penalty phase defense excused [trial counsel] from fulfilling his duty to conduct a thorough investigation.

*Sanders v. Brown*, 171 F. App'x 588, 592 (9th Cir. 2006).

The court, noting the Supreme Court's May 14, 2007 decision in *Landrigan*, ordered a bifurcated evidentiary hearing. The first stage of the evidentiary hearing was to consider whether trial counsel's decision not to investigate mitigation evidence was deficient performance; how the proffered mitigation evidence might have been used to convince petitioner to change his mind about not presenting a penalty defense at trial; and whether trial counsel should have, or could have presented mitigation evidence in spite of petitioner's objections. The second stage of the evidentiary hearing was to consider whether, had petitioner changed his mind, the mitigation evidence would have convinced the jury to sentence him to life without parole. The court provided that respondent could contest and controvert the mitigation evidence during the second stage of the evidentiary hearing which would take place after resolution of the first stage.

The stage one evidentiary hearing was held October 28 through 30, and November 3, 2008.

On December 2, 2008, the court granted petitioner's motion to expand the record in

connection with the first stage hearing as to Exhibits 2, 10, 11, 13-18, 20-23, 24, 25, 28, 30-36, and 56-133, which are deposition transcripts and public records and declarations relating to opinions of petitioner's experts.

On July 17, 2009, the court granted petitioner's supplemental motion to expand the record with documents inadvertently omitted from the motion granted on December 2, 2008.

On January 20, 2015, the court ordered the noted *Landrigan* briefing which was completed on July 6, 2015.

## II.

## DISCUSSION

Whether trial counsel was deficient at the penalty phase as claimed by petitioner is, in the court's estimation, a close call, as is the potential impact of *Landrigan* upon this claim. The court has not issued a ruling following the first stage evidentiary hearing and is considering vacating the second stage evidentiary hearing. (*See* Doc. No. 346 at 3:25-4:13.)[1] The court believes it would be helpful to have the parties brief whether the mitigation evidence taken as true at the first stage of the evidentiary hearing, as expanded and supplemented, would have convinced the jury to sentence petitioner to life without parole. The court is mindful that many years have passed since the first stage evidentiary hearing and that significant resources would be expended on a second stage evidentiary hearing.

The mitigating evidence which petitioner alleges trial counsel deficiently failed to investigate and present is set out in the record of the first stage hearing. The record includes expert testimony about the prevailing standard for attorney representation in capital cases tried in 1981 and the psychological barriers that allegedly kept petitioner from understanding and agreeing to presentation of a penalty phase defense. Also included is documentation of petitioner's statements to counsel and the trial court regarding his decision not to present a mitigation defense at the penalty phase of his trial.

Petitioner suggests that not all available mitigating evidence that could have been

---

[1] References are to ECF system pagination.

3

presented at his 1982 trial is included in the first stage evidentiary hearing record.  (*See* Doc. No. 359 at 9:18-11:1, 14:10-13.)  However, petitioner's first stage proffer included the mitigation evidence that could have been presented absent deficient counsel.  (*See* Doc. No. 208 3:4-12.)  The order bifurcating the evidentiary hearing contemplates a second stage hearing would analyze prejudice arising from counsel's failure to present the mitigation evidence proffered in the first stage hearing.  (*See* Doc. No. 180 at 2:18-24.)  Petitioner appears to concede as much.  (*See* Doc. No. 359 at 13:20-22.)  For these reasons, petitioner's supplemental brief shall identify any mitigating evidence not included in the evidentiary hearing record and explain how such evidence may properly be considered at a second stage evidentiary hearing.

## III.

## ORDER

For the reasons stated, it is hereby ORDERED that:

1. The parties shall provide supplemental briefing of the following issue: whether the mitigation evidence taken as true at the first stage of the evidentiary hearing, as expanded and supplemented, would have convinced the jury to sentence petitioner to life without parole,

2. Petitioner's supplemental brief, which shall also identify any mitigating evidence not included in the evidentiary hearing record and explain how such evidence may properly be considered at a second stage evidentiary hearing, shall be due forty-five (45) days from the filed date of this order; respondent's responsive brief shall be due forty-five (45) days from the date on which petitioner files his brief; and petitioner's reply brief shall be due thirty (30) days from the date on which respondent files his brief.

IT IS SO ORDERED.

Dated:  **January 11, 2016**          /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE

3.

4