UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS, | Case No. 1:92-cv-05471-LJO-SAB |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER THAT PETITIONER SHOW CAUSE WHY THE EVIDENTIARY HEARING TRANSCRIPT SHOULD NOT BE UNSEALED |
| RON DAVIS, Warden of San Quentin State Prison, | |
| Respondent.[1] | Twenty (20) Day Deadline to Respond |

    This matter is before the court following the parties' supplemental briefing of claim 38, the sole remaining claim in this proceeding. Claim 38 alleges ineffective assistance of trial counsel by acquiescence in petitioner's request to forgo a penalty phase defense.

    This court ordered a bifurcated evidentiary hearing on claim 38 following remand from the Ninth Circuit. The first stage evidentiary hearing was held October 28 through 30, and November 3, 2008. The court has not issued a ruling following the first stage evidentiary hearing and is considering vacating the second stage evidentiary hearing.

///

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Ron Davis, Warden of San Quentin State Prison, is substituted as respondent in place of his predecessor wardens.

1

I. RELEVANT BACKGROUND

A.    Protective Order

The parties stipulated to an October 5, 2007 protective order ("Protective Order") (*see* Doc. No. 227) which limits the use of privileged information including attorney-client information obtained through discovery (hereinafter "Protected Information") to respondent and this proceeding. The Protective Order leaves unresolved whether testimony taken in future court hearings may be protected as confidential information.

B.    Sealed Evidentiary Hearing Transcript

At the first stage evidentiary hearing counsel for petitioner proposed that the court, pursuant to the Protective Order seal testimony of defense counsel Hoover, petitioner and experts relying on information from them. Counsel stated his concern was that a member of law enforcement or a government agency present in the courtroom might use the Protected Information in an investigation or at retrial.

At the conclusion of the first stage evidentiary hearing, the court ordered the entirety of the transcript to be sealed, but allowed that counsel could request a determination regarding what portions of the transcript should remain under seal.

The parties, pursuant to the Protective Order then filed under seal post-hearing briefs including proposed findings of facts and conclusions of law and the noted supplement briefs.

II. DISCUSSION

A.    Legal Authorities

1.    Implied Waiver of Attorney-Client Privilege

A habeas petitioner bringing an ineffective assistance of counsel claim impliedly waives his attorney-client privilege by litigating the habeas petition. *See Bittaker v. Woodford* 331 F.3d 715, 721-24 (9th Cir. 2003) (where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege only as to litigation of the habeas petition); *see also Riel v. Ayers*, 2010 WL 3835798, at *2 (E.D. Cal. September 30, 2010), *citing Bittaker*, 331 F.3d at 727-28 (a waiver that limits the use of privileged communications to adjudicating the effective assistance of counsel claims fully serves the federal interest).

2.     Public Access to Evidentiary Hearing Transcript

Under the common law, "there is a presumption of public access to civil proceedings." *See Riel*, 2010 WL 3835796, at *4. The common law right of access "is not of constitutional dimension, is not absolute, and is not entitled to the same level of protection afforded constitutional rights." *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. Of Nevada,* 798 F.2d 1289, 1293 (9th Cir. 1986).

In applying the common law right of access, courts:

> [M]ust weigh the interests advanced by the parties in the light of the public interest and the duty of the courts. [Citation] [Among the interests that would overcome the presumption of access are] the likelihood of improper use, including … infringement of fair trial rights of the defendants or third persons; and residual privacy rights.… [Citation] Where there is a clash between the common law right of access and a defendant's constitutional right to a fair trial, a court may deny access, but only on the basis of articulated facts known to the court, not on the basis of unsupported hypothesis or conjecture....

*Id.*, at 1294, *citing United States v. Edwards (In re Video-Indiana, Inc.*), 672 F.2d 1289, 1294 (7th Cir. 1982).

B.     Unsealing the Evidentiary Hearing Transcript

The court is considering unsealing the evidentiary hearing transcript for the following reasons. As noted, there is a presumption of public access to the evidentiary hearing proceedings, which were conducted in open court, and, relatedly, to any written decision the court may issue related to the evidentiary hearing. The Protective Order continues in full force through any retrial of all or any portion of petitioner's criminal case. The Protective Order limits petitioner's implied waiver consistent with *Bittaker*. The Protective Order does not require sealing of the transcript. *See* Local Rule 141; *see also Riel*, 2010 WL 3835796, at *3 (a protective order covering an evidentiary hearing will only protect information that is actually privileged).

Petitioner bears the burden of establishing the privilege he asserts, *see Riel, 2010 WL 3835796, at *3, citing U.S. v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002), the basis for continued sealing of the transcript and any prejudice should the transcript be unsealed. *See* Local Rules 141, 141.1.

The court sua sponte may unseal documents upon a showing of good cause or consistent with applicable law.  *See* Local Rule 141(f).

### III. ORDER

Accordingly,

1. Petitioner, through counsel shall SHOW CAUSE by filing under seal a statement explaining why the transcript of the first stage evidentiary hearing conducted October 28 through 30, and November 3, 2008 should not be unsealed, identifying each portion of the transcript that he believes is protected by attorney-client privilege not impliedly waived under *Bittaker*, and explaining why the right of public access to the evidentiary hearing transcript is outweighed by his constitutional right to a fair trial if he is retried.

2. Petitioner's counsel shall file under seal his written response to this order to show cause by no later than twenty (20) days following the filed date of this order, or waive any entitlement to show cause.

3. Within twenty (20) days of the filing of petitioner's statement, respondent shall file a responsive statement, also under seal.

4. Within ten (10) days of the filing of respondent's response, petitioner may file a reply, also under seal.

IT IS SO ORDERED.

Dated:   **October 27, 2016**              /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

4