# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>        Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:92-cv-05471-LJO-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND UNSEALING DOCUMENTS RELATING TO THE FIRST STAGE EVIDENTIARY HEARING |

This matter is before the court on petitioner's November 15, 2016 return on the court's October 27, 2016 order that he show cause why the first stage evidentiary hearing transcript should not be unsealed.

### I. RELEVANT BACKGROUND

The first stage of the bifurcated evidentiary hearing on claim 38, which alleges ineffective assistance of trial counsel by acquiescence in petitioner's request to forgo a penalty phase defense, was held October 28 through 30, and November 3, 2008. Claim 38 is the sole remaining claim in this action.

At the conclusion of the first stage evidentiary hearing the court sealed the entire transcript at petitioner's request, consistent with the parties' October 5, 2007 stipulated protective order ("Protective Order") which limits use of privileged information including attorney-client information to respondent and this proceeding. (*See* Protective Order – Doc. No. 227; *Bittaker v. Woodford* 331 F.3d 715, 721-24 (9th Cir. 2003) (petitioner raising a claim of ineffective

1

assistance of counsel waives the attorney-client privilege for purposes of the habeas petition.)

The parties, consistent with the Protective Order then filed under seal post-hearing briefs.

The court has not issued a ruling following the first stage evidentiary hearing and is considering vacating the second stage evidentiary hearing.

## II. DISCUSSION AND ORDER

Petitioner bears the burden of establishing the privilege he asserts, *see Riel v. Ayers,* 2010 WL 3835798, at *3 (E.D. Cal. September 30, 2010), *citing U.S. v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002), and the basis for continued sealing of the transcript, *see* Local Rules 141, 141.1.

Here, petitioner responded to the order to show cause by stating his non-objection to unsealing the first phase evidentiary hearing transcripts and the direct testimony declarations of petitioner's witnesses and the post-hearing briefs; provided, that the Protective Order otherwise remain in effect.

Petitioner goes on to state his understanding that the court will not unseal any other sealed exhibits introduced at the evidentiary hearing. However, he fails to identify protected attorney-client information therein the disclosure of which would impact his right to a fair trial upon any retrial, as required by the order to show cause. (*See* Order to Show Cause - Doc. No. 390 at 4:7-11); *see also Riel*, 2010 WL 3835796, at *3 (a protective order covering an evidentiary hearing will only protect information that is actually privileged).

Respondent has not responded to petitioner's return on the order to show cause and the time for doing so has passed (*see* Doc. No. 390 at 4:15-16), waiving any response.

Accordingly, for the reasons stated and upon consideration of the record and petitioner's return on the order to show cause and for good cause shown:

1. The October 27, 2016 order to show cause is discharged.
2. The Clerk of the Court is directed to unseal the following documents filed in the docket: (i) phase one evidentiary hearing transcripts for October, 28 through 30, and November 3, 2008 (Doc. Nos. 305, 306, 307, 308 and 309); (ii) direct testimony declarations (Doc. Nos. 242, 243, 260, 266, 267, 268, 269 and 270); (iii)

petitioner's proposed findings of fact and conclusions of law following phase one of the evidentiary hearing (Doc. No. 321); (iv) respondent's post-evidentiary hearing brief and proposed findings of fact/conclusions of law following the phase one hearing (Doc. No. 322); (v) petitioner's reply to respondent's post-evidentiary hearing brief and proposed findings of fact/conclusions of law (Doc. No. 329); (vi) petitioner's supplemental post-evidentiary-hearing brief (Doc. No. 336); (vii) respondent's response to petitioner's supplemental post-evidentiary hearing brief (Doc. No. 339); (viii) petitioner's reply to respondent's response to petitioner's supplemental post-evidentiary hearing brief (Doc. No. 342); (ix) petitioner's brief in response to the court's order filed January 20, 2015 (Doc. No. 359); (x) respondent's supplemental brief (Doc. No. 360); (xi) petitioner's reply brief regarding the court's order filed January 20, 2015 (Doc. No. 365); (xii) petitioner's brief regarding the court's order filed January 12, 2016 (Doc. No. 372); (xiii) respondent's response brief to petitioner's supplemental brief (Doc. No. 377); and (xiv) petitioner's reply brief to respondent's response brief regarding the court's order filed January 12, 2016 (Doc. No. 389).

3. Any and all documents that were received as sealed exhibits at the phase one evidentiary hearing are unsealed.

4. The parties may refer to any of the above noted documents in any and all future public filings in this action.

5. The Protective Order otherwise shall continue in full force and effect through any retrial of all or any portion of petitioner's criminal case.

IT IS SO ORDERED.

Dated:  **January 3, 2017**              /s/ Lawrence J. O'Neill
                                         UNITED STATES CHIEF DISTRICT JUDGE