UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>    Petitioner,<br><br>  v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>    Respondent.[1] | Case No.  1:92-cv-05471-JLT-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING CONDITIONAL WRIT OF HABEAS CORPUS |

Ronald L. Sanders filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1982 murder conviction, death eligibility findings, and death sentence rendered in Kern County Superior Court Case No. 22079.

Petitioner was tried jointly with a co-defendant and both were convicted by jury on retrial (after one jury was unable to reach a verdict) of first degree murder, attempted first degree murder, robbery, burglary, and attempted robbery, with special circumstances of murder during the commission of a burglary, murder during the commission of a robbery, murder to prevent testimony in a criminal proceeding, and an especially heinous, atrocious, and cruel murder, all found true.  Pursuant to Petitioner's request, no penalty phase defense was presented.

---

[1] Pursuant to the Federal Rules of Civil Procedure, Rule 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as Respondent in place of his predecessor wardens.

1

On direct appeal, the California Supreme Court, set aside the special circumstances of murder during the commission of a burglary, and especially heinous, atrocious and cruel murder, but otherwise affirmed the judgment as to both guilt and penalty. *People v. Sanders*, 51 Cal. 3d 471 (1990). The petition for certiorari was denied. *Sanders v. California*, 500 U.S. 948 (1991). The petition for rehearing on the denial of certiorari was denied. *Sanders v. California*, 501 U.S. 1269 (1991). On collateral review, the California Supreme Court denied Petitioner's state habeas petition. *In re Sanders*, 21 Cal. 4th 697 (1999).

Petitioner began these federal proceedings in 1992. In 2001, the Court denied on the merits the third amended federal habeas petition, denied requests for expansion of the record and evidentiary hearing, and entered judgment for Respondent. *Sanders v. Woodford*, No. Civ. F-92-5471-REC-P, 2001 WL 34882452 (E.D. Cal. Aug. 24, 2001).

The Ninth Circuit, on appeal, affirmed in part, reversed denial of the petition as it related to the death sentence, and remanded with instructions, finding that the California Supreme Court failed to either independently re-weigh aggravating and mitigating factors or conduct an appropriate harmless error analysis after it invalided the two special circumstances. *Sanders v. Woodford*, 373 F.3d 1054 (2004).

The United States Supreme Court, upon grant of certiorari, reversed and remanded to the Ninth Circuit, finding that the invalid special circumstances did not affect the constitutionality of the death sentence. *Brown v. Sanders*, 546 U.S. 212 (2006).

The Ninth Circuit, on remand, reversed the Court's denial of an evidentiary hearing on Petitioner's Claim 38 which alleged ineffective assistance by acquiescence in Petitioner's request to forgo a penalty defense, and remanded for an evidentiary hearing to determine the merits of that Claim. *Sanders v. Brown*, 171 F. App'x 588, 595 (9th Cir. 2006). The Circuit affirmed the Court's denial of Petitioner's other penalty phase claims. *Id.*

In 2007, the Court bifurcated the evidentiary hearing, with stage one to consider deficient performance and stage two to consider prejudice. The Court conducted the phase one evidentiary hearing in 2008, and ordered supplemental briefing in 2016. The following year, the Court vacated the stage two evidentiary hearing, denied Claim 38, and denied the third

amended petition for writ of habeas corpus on the merits.

The Ninth Circuit, on appeal, reversed the Court's denial of habeas relief and remanded with instructions to issue a conditional writ of habeas corpus granting Petitioner a new penalty phase trial. *Sanders v. Davis*, 23 F.4th 966, 995-96 (9th Cir. 2022). The Circuit held that (1) defense counsel performed deficiently in his penalty phase investigation, (2) defense counsel performed deficiently by failing to ensure that defendant's decision not to present a penalty phase defense was informed and knowing, and (3) there was reasonable likelihood that the penalty phase verdict would have been different had defense counsel undertaken a reasonable mitigation investigation. *Id.* at 970.

Respondent's petition to the Ninth Circuit for panel rehearing was denied on June 9, 2022. The Ninth Circuit issued the mandate on June 17, 2022.

Accordingly, the Court grants a conditional writ of habeas corpus. The State of California, within a reasonable time, must vacate the death sentence imposed upon Petitioner and sentence him to a penalty other than death in conformance with state law, or grant Petitioner a new penalty phase trial.

The Clerk of the Court is directed to serve copies of this order upon counsel for Petitioner Nina Rivkind, counsel for Respondent Assistant Attorney General Lewis Martinez, and Ron Broomfield, Warden of San Quentin State Prison, San Quentin, CA 94964.

IT IS SO ORDERED.

Dated: **July 14, 2022**

UNITED STATES DISTRICT JUDGE

3