UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Warden of San Quentin State Prison,<br><br>    Respondent.[1] | Case No. 1:92-cv-05471-JLT-SAB<br><br>DEATH PENALTY CASE<br><br>TENTATIVE ORDER AS TO RESPONDENT'S NOTIFICATION REGARDING PROTECTIVE ORDER OF OCTOBER 5, 2007 |

Before the Court is the notification filed by counsel for Respondent, Supervising Deputy Attorney General Kenneth Sokoler (Docs. 416, 416-1), regarding the stipulated protective order filed in the case on October 5, 2007 (Doc. 227).

On July 14, 2022, pursuant to the Ninth Circuit's decision on appeal, this Court granted a conditional writ of habeas corpus in the 28 U.S.C. § 2254 proceeding challenging Petitioner's 1982 murder conviction and death sentence rendered in Kern County Superior Court Case No. 22079. Therein, the Court directed that the State of California vacate the death sentence imposed upon Petitioner and sentence him to a penalty other than death in

---

[1] Ron Broomfield, appointed as warden of San Quentin State Prison in September 2021, is substituted as Respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

1

1 conformance with state law, or grant him a new penalty phase trial.

2 In the Notification, counsel for Respondent states that: (1) on August 16, 2022, unspecified privileged and confidential Protected Information was disclosed by his office to Kern County Assistant District Attorney Andrea Kohler and her law clerk Michael Strand, contrary to the Protective Order, and (2) Ms. Kohler and Mr. Strand have not themselves disclosed, and will not disclose, the Protected Information to other members of the Kern County District Attorney's Office, or further participate in the state proceeding in this matter.

The Protective Order, in pertinent part, provides that:

> All Protected Information may be used only by counsel for respondent in the Office of the California Attorney General and persons working under their direct supervision and may be used only for purposes of litigating the claims presented in [petitioner's] petition for writ of habeas corpus pending before this Court. Respondent shall keep sealed and confidential all Protected Information. Disclosure of any Protected Information shall not be made to any other persons or agencies, including any law enforcement or prosecutorial personnel or agencies without prior authorization of the Court ordered on a motion by respondent and after [petitioner] has had an opportunity to object. Any such motion by respondent shall be filed and served upon counsel for [petitioner] with fifteen days' notice, shall state the specific information respondent it [sic] seeks to disclose and the grounds for such disclosure, and shall be filed under seal.
>
> This order shall continue in effect after the conclusion of these habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of [petitioner's] criminal case. The Court shall maintain continuing jurisdiction over this matter for the purpose of enforcing the provisions of this order and imposing appropriate sanctions for any violation.

(Doc. 227 at 4-5.) The Protective Order further provides that the following information is "Protected Information":

> [A]ny item or information to which a claim of privilege attaches, including the following:
>
> Any production to respondent of documents from defense counsel's files, whether provided voluntarily or pursuant to court order;
>
> Any discovery statements or deposition testimony made to respondent by [petitioner], his trial attorney, Frank Hoover, any investigators, experts, or other ancillary personnel employed or retained by or appointed to assist them before

2

> or during trial (hereafter referred to collectively as the "trial defense team"), or any other attorneys, investigators or experts who have represented or consulted with [petitioner] at any time in connection [sic] his legal claims in this case and any other ancillary personnel employed or appointed to assist then since trial, who are called by [petitioner] as witnesses (hereafter referred to collectively as the "post-conviction defense team");
>
> Any interviews of any member of the trial defense team or post-conviction defense team, including but not limited to any audio or video recordings, notes, memoranda or other tangible thing(s) memorializing or purporting to memorialize any part of such interview(s);
>
> Any declarations served by [p]etitioner on [r]espondent by any witness who is or was at any time a member of the trial defense team or post-conviction defense team; and
>
> Any information contained in these documents, discovery statements, interviews, declarations or deposition testimony or derived directly or indirectly from them.

(*Id*. at 1-3.)

Federal courts have discretion whether to impose sanctions for violation of a protective order. Such violations may, but do not necessarily, constitute sanctionable conduct. Fed. R. Civ. P. 37(b)(2)(A) ([T]he court "may issue further just orders" in response to violations of a discovery order); *see also Mahboob v. Educ. Credit Mgmt. Corp*., No. 15-CV-0628-TWR-AGS, 2021 WL 818971, at *3 (S.D. Cal. Mar. 2, 2021), *report and recommendation adopted*, No. 15-CV-628 TWR (AGS), 2021 WL 7448532 (S.D. Cal. Mar. 31, 2021) (citing Fed. R. Civ. P. 16(f)) ("[I]f a party or its attorney . . . fails to obey a scheduling or other pre-trial order," "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii-vii))." In order to determine whether or not a protective order has been violated, courts focus on the terms of the order itself. *Apple, Inc. v. Samsung Elecs. Co*., No. 511CV01846LHKPSG, 2014 WL 12596470, at *4 (N.D. Cal. Jan. 29, 2014) (citing *Biovail Labs., Inc. v. Anchen Pharm., Inc.*, 463 F. Supp. 2d 1073, 1080 (C.D. Cal. 2006)).

Federal courts are charged with strictly policing and studiously enforcing protective orders covering trial counsel's files during habeas proceedings. *See Bittaker v. Woodford*, 331 F.3d 715, 728 (9th Cir. 2003) (*en banc*). Federal courts also have inherent power to

manage their cases and impose sanctions for improper conduct. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001); *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986); *Jackson v. Microsoft Corp.*, 211 F.R.D. 423, 430 (W.D. Wash. 2002) (citing *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)); *see also* Local Rule 110 ("[The] failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

The Ninth Circuit has repeatedly held that Rule 37 "provide[s] comprehensively for enforcement of all [discovery] orders, including Rule 26(c) protective orders." *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 911 (9th Cir. 1986) (affirming Rule 37 sanctions for violation of a protective order); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983) (same); *see also Apple, Inc.*, 2014 WL 12596470, at *5 ("[P]rotective order violations may, but do not necessarily, constitute sanctionable conduct . . . a court must look to the totality of the circumstances surrounding each violation."); *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934-35 (9th Cir. 1993) ("[T]he power of a court to make an order carries with it the equal power to punish for a disobedience of that order, and the inquiry as to the question of disobedience has been, from time immemorial, the special function of the court.").

Although the court has broad discretion to fashion remedies to the misconduct, the harshest sanctions, such as exclusion of evidence or dismissal, are to be reserved for cases of bad faith or willful misconduct. *See United States v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *I.F. v. City of Vallejo*, No. 2:18-CV-0673-JAM-CKD, 2021 WL 601054, at *9 (E.D. Cal. Feb. 16, 2021).

Counsel for Respondent has presented evidence that the disclosure of Protected Information to Ms. Kohler and Mr. Strand was inadvertent and unintentional and that there has not been and will not be any unauthorized use of the disclosed Protected Information by the Kern County District Attorney's Office. The Court observes that Respondent's counsel

has not identified the specific Protected Information disclosed to Ms. Kohler and Mr. Strand without notice to petitioner and authorization from the Court.

Based upon the facts and the current evidence and the applicable legal standards, the Court finds tentatively that neither remedial nor deterrent sanctions are warranted at this time. *See Apple, Inc..* 2014 WL 12596470, at *5–6 (sanctions may not be warranted where innocent conduct does not result in harm). However, **within 15 days** of the service date of this order, Petitioner **may** file a response to the tentative ruling. **Within 15 days thereafter**, Respondent's counsel **may** file a reply.  If Petitioner fails to file a timely response, then the Court's tentative ruling shall become its final ruling on the matter.  Any filing by the parties that discloses Protected Information shall be filed under seal.

The Clerk of the Court is directed to serve copies of this order upon counsel for Petitioner, Nina Rivkind, and counsel for Respondent, Supervising Deputy Attorney General Kenneth Sokoler and Assistant Attorney General Lewis Martinez.

IT IS SO ORDERED.

Dated:   **November 7, 2022**                              _Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

5