UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SANDERS,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:92-cv-05471-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER REGARDING RESPONDENT'S REQUEST TO FILE DOCUMENTS UNDER SEAL |

Respondent has filed a notice of request to seal a statement listing documents protected by this Court's October 5, 2007 Protective Order (Doc. 227), that he released to representatives of the Kern County District Attorney's Office. (*See* Doc. 418.) Respondent has submitted to the Court for sealing the underlying request to seal documents, the statement listing the protected documents released to the district attorney representatives, and a proposed order. Respondent asserts these documents must be sealed because public disclosure is restricted by the Protective Order. (*Id.* at 1.)

Petitioner's counsel has not opposed or otherwise responded to Respondent's sealing request, and the time for doing so has passed. *See* E. D. Cal. Local Rule (hereinafter "L.R.") 141(c). The matter is deemed submitted for a decision without a hearing. *See* L.R. 141(d).

Pursuant to the Court's Local Rules, documents may only be sealed by written order of the

1

Court upon the showing required by applicable law. *See* L.R. 141(a). Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. *Kamakana*, 447 F.3d at 1178. Courts distinguish a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

When a district court has granted a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Kamakana*, 447 F.3d at 1179-80 (citing *Phillips v. General Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir.2002)). The *Kamakana* Court observed that a "particularized showing [citation] under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." 447 F.3d at 1180 (citing *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

When an applicant proposes to seal judicial records attached to a dispositive motion, "compelling reasons" must be shown because resolution of disputes on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events . . . . " *Kamakana*, 447 F.3d at 1179. The Ninth Circuit previously drew a clear distinction between dispositive and non-dispositive motions in determining whether compelling reasons must be shown to seal such documents, stating: "[i]n sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions." *Id.* More recently, the Ninth Circuit has clarified that the focus in determining whether compelling reasons must be shown is not on the dispositive nature of the motion but whether the motion at issue is more than tangentially related to the merits of the case. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Therefore, compelling reasons must be shown to seal a motion, or records attached thereto, that is more than tangentially related to the merits of the case.

*Id.*

The Court has reviewed the documents at issue and finds that the statement listing the protected documents released to Kern County district attorney representatives, contains privileged and confidential information protected from public disclosure as provided in the Protective Order.[1] (*See* Doc. No. 227; *see also* Doc. No. 417 at 5:9-10.) The Court finds also that the need to maintain such confidentiality outweighs the presumption of public access to the judicial record, whether under the good cause or compelling reasons standard. *See Kamakana,* 447 F.3d at 1178-79. Thus, the request to file under seal the request to seal documents, and the statement listing protected documents released to Kern County district attorney representatives is **GRANTED**. Respondent's request to file under seal his proposed sealing order, rendered moot by this order, is **DENIED**. Thus, the Court **ORDERS**:

1. Respondent's request to file documents under seal (Doc. No. 418) is GRANTED IN PART.
2. The Clerk of the Court is DIRECTED to file under seal Respondent's 3-page request to seal documents, and 19-page statement listing protected documents released to representative of the Kern County District Attorney's Office.
3. The sealed documents shall remain under seal until further order of the Court.
4. The foregoing documents contain confidential Protected Information pursuant to the Court's October 4, 2007 Protective Order, which shall not be disclosed, in whole or part, to any person other than the Court and Court staff.
5. No publicly filed document shall include the above documents and/or the confidential Protected Information set forth therein unless authorized by the Court to be filed under seal.

///

///

---

[1] Any documents and/or information contained in the statement listing protected documents, sealed hereunder, that is outside the reach of the Protective Order, shall not, by virtue of this order, become Protected Information for purposes of the Protective Order.

6. All provisions of this order shall continue in effect as provided in the October 4, 2007 Protective Order.

IT IS SO ORDERED.

Dated: **November 22, 2022**

*[signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE